UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

FILED

NOV 1 6 2022

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHRISTOPHER SCOTT MEYER, )<br>)<br>Defendant. ) | No. 1:22 CR 109 RWS |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree as follows:

1. **PARTIES**

The parties are the defendant Christopher Scott Meyer, represented by defense counsel Talmage E. Newton, and the United States of America (hereinafter "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to the offense charged in the Indictment of being a convicted felon in possession of a firearm, the Government agrees that no further federal prosecution will be brought in this District relative to the defendant's possession of a firearm on May 21, 2022, in Perry County, Missouri, of which the Government is aware at this time

1

The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

**3.    ELEMENTS**

As to the offense of being a convicted felon in possession of a firearm as charged in the Indictment, the Defendant admits to knowingly violating Title 18, United States Code, Section 922(g)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

(i)   The Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

(ii)  The Defendant, thereafter, knowingly possessed a firearm;

(iii) At the time the defendant knowingly possessed a firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

(iv)  The firearm was transported across a state line at some point during or before the Defendant's possession of it.

**4.    FACTS**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

**A.    Status as a Felon**

Prior to May 21, 2022, defendant Meyer had been convicted, and he knew he had been convicted, of several felony offenses, including the following described felony offenses, as referenced in the Indictment, punishable by a term of imprisonment exceeding one year:

>On March 29, 2019, in the Circuit Court of Perry County, Missouri, in Case Number 19PRCR0007101, Class D Felony of Possession a Controlled Substance Except 35 Grams or Less of Marijuana or Synthetic Cannabinoid, for which he received a sentence of three years imprisonment.

>On April 3, 2019, in the Circuit Court of Perry County, Missouri, in Case Number 19PRCR0007101, Class E Felony of Resisting Arrest or Detention or Stop by Fleeing and Creating a Substantial Risk of Serious Injury or Death, for which he received a sentence of three years imprisonment.

>On May 21, 2010, in the Circuit Court of Perry County, Missouri, in Case Number 10PRCR0010901, Class D Felony of Unlawful Use of a Weapon, for which he received a sentence of six months of confinement in prison.

**B.**   **Felon in Possession of a Firearm**

On May 21, 2022, Perry County deputies responded to a call that defendant Christopher Meyer had pointed a firearm at an individual in Perry County, Missouri, then got in his truck and left the scene. Shortly thereafter the deputies received information that Meyer was located at a residence in Perry County. One of the persons inside the house told the deputies that he had found a box containing a silver revolver in the kitchen that he believed belonged to Meyer. Deputies located and seized from the residence the box and the revolver, a Smith & Wesson, .38 caliber pistol.

Meyer was subsequently charged in the Circuit Court of Perry County, Missouri, with unlawful possession of a firearm, unlawful use of a weapon, and resisting arrest. On July 11, 2022, law enforcement officers located Meyer in Cape Girardeau County, Missouri, arrested Meyer on the outstanding warrants, and transported him to the Perry County Sheriff's

Department. On July 12, 2022, after being advised of, and then waiving, his rights pursuant to *Miranda*, Meyer agreed to speak with investigating officers. During the interview, Meyer admitted to knowingly possessing the Smith & Wesson revolver on May 21, 2022. When an officer told Meyer that the pistol he possessed was stolen, Meyer replied that he was told it was clean. Meyer stated he purchased the gun from someone else, then said the gun was given to him. A routine check of the revolver's serial number information revealed that the firearm was previously reported stolen from a residence located in Cape Girardeau, County, Missouri.

**C.     Interstate Nexus**

The Smith & Wesson, Model Airweight, .38 caliber S&W Special revolver knowingly possessed by Meyer on May 21, 2022, was manufactured in the State of Massachusetts. Therefore, the pistol traveled in and affected interstate commerce prior to Meyer's possession of it in Missouri. The aforementioned pistol can expel a projectile by the action of an explosive and is, therefore, a "firearm" as defined under federal law. At the time Meyer knowingly possessed the aforementioned Smith & Wesson .38 caliber pistol on May 21, 2022, in Perry County, in the Eastern District of Missouri, he knew he had been convicted of crimes punishable by a term of imprisonment exceeding one year.

**5.     STATUTORY PENALTIES**

The defendant fully understands that the maximum possible penalty provided by law for the crimes to which the defendant is pleading guilty is imprisonment of not more than ten years, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than three years. In the event defendant is subject to any

4

undischarged or anticipated term of imprisonment imposed by any court, defendant has been apprised by counsel that the sentence imposed in this case may be imposed consecutively to the undischarged or anticipated term of imprisonment.

**Possibility of Enhanced Criminal Status**: In certain situations, under Title 18, United States Code, Section 924(e) (Armed Career Criminal), defendant may be subject to a mandatory minimum sentence of 15 years and a maximum sentence greater than described above. The defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines the foregoing statute applies to defendant's sentence. If Defendant is determined to be a Armed Career Criminal, by entering into this agreement, Defendant expressly waives any right he may have to: (1) be charged by the Grand Jury with the allegation that he has at least three prior convictions that are either violent felonies or serious drug offenses that were committed on occasions different from one another; and (2) have a jury make a determination that the convictions occurred on occasions different from one another beyond a reasonable doubt. Defendant fully understands that the Court will determine whether Defendant's prior convictions were committed on occasions different from one another based on information provided in the Presentence Investigation Report as well as additional evidence the parties present. However, both parties retain the right to litigate whether Section 924(e) applies to defendant's sentence.

6. **U.S. SENTENCING GUIDELINES (2021 MANUAL)**

undischarged or anticipated term of imprisonment imposed by any court, defendant has been apprised by counsel that the sentence imposed in this case may be imposed consecutively to the undischarged or anticipated term of imprisonment.

**Possibility of Enhanced Criminal Status**: In certain situations, under Title 18, United States Code, Section 924(e) (Armed Career Criminal), defendant may be subject to a mandatory minimum sentence of 15 years and a maximum sentence greater than described above. The defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines the foregoing statute applies to defendant's sentence. If Defendant is determined to be a Armed Career Criminal, by entering into this agreement, Defendant expressly waives any right he may have to: (1) be charged by the Grand Jury with the allegation that he has at least three prior convictions that are either violent felonies or serious drug offenses that were committed on occasions different from one another; and (2) have a jury make a determination that the convictions occurred on occasions different from one another beyond a reasonable doubt. Defendant fully understands that the Court will determine whether Defendant's prior convictions were committed on occasions different from one another based on information provided in the Presentence Investigation Report as well as additional evidence the parties present. However, both parties retain the right to litigate whether Section 924(e) applies to defendant's sentence.

6. **U.S. SENTENCING GUIDELINES (2021 MANUAL)**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

a. **Chapter 2 Offense Conduct:**

(1) **Base Offense Level:** The parties agree that the Base Offense Level is found in Section 2K2.1(a) and depends on, among other things, the nature of the Defendant's criminal history and the characteristics of the firearm. The Base Offense Level may also be determined under Section 4B1.4 if Defendant is determined to be an Armed Career Criminal.

(2) **Specific Offense Characteristics:** The parties have not agreed as to whether any Specific Offense Characteristics apply.

b. **Chapter 3 Adjustments:**

(1) **Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), if the total offense level is 16 or higher (otherwise two levels should be deducted), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If the Government subsequently

receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the Government may present said evidence to the Court and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1 without violating the plea agreement.

    c. **Other Adjustment(s)/Disputed Adjustments**: The parties have no further agreement regarding any other adjustments.

    d. **Estimated Total Offense Level:**  The parties agree that the Total Offense Level will depend on the Base Offense Level determined pursuant to Section 2K2.1(a), along with other relevant factors stated above, unless Defendant is an Armed Career Criminal.  Depending on the underlying offense and Defendant's criminal history, Defendant could be an Armed Career Criminal pursuant to Title 18, United States Code, Section 924(e) and Section 4B1.4.  If the Court finds Defendant is an Armed Career Criminal, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI.  Defendant has discussed these possibilities with defense counsel.  Both parties reserve the right to argue that the Defendant is or is not an Armed Career Criminal.

    e. **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court.  Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category.  The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

    f. **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.  The parties may not have foreseen

all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein, and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made herein but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

7.   **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**

   **a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

   **(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

   **(2) Sentencing Issues:** In the event the Court accepts the plea, and after determining the appropriate Total Offense Level, sentences the defendant within or below that corresponding range, then, as a part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and, after determining the appropriate Total Offense Level, sentences the defendant within or above that corresponding range.

  **b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

  **c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER**

  **a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

  **b. Civil or Administrative Actions not Barred; Effect on Other Government Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation, or administrative action against the defendant.

  **c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of

supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

    **d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $ 100.00, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

    **e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

    **f. Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration and costs of supervision. The defendant agrees that any fine imposed by the Court will be due and payable immediately.

    **g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

9. **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS**

In pleading guilty, the defendant acknowledges, fully understands and, hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; and the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT

After pleading guilty and before sentencing, if the defendant commits any crime other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office, or fails to appear for sentencing, the Government, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA**

Pursuant to Federal Rule of Criminal Procedure 11(c) and (d), the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

16 November 2022
Date

PAUL W. HAHN
Assistant United States Attorney

11-16-22
Date

CHRISTOPHER SCOTT MEYER
Defendant

11-16-2022
Date

TALMAGE E. NEWTON,
Attorney for Defendant

13